UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) | |
| UNITED STATES OF AMERICA FOR ) | 1:17-MJ-025 |
| AN ORDER PURSUANT TO ) | |
| 18 U.S.C. § 2703(d) ) | **Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d). The proposed Order would require AT&T Corporation, a cellular service provider

located in North Palm Beach, FL, to disclose certain records and other information pertaining to

the cellular telephone assigned call number 361-522-9948, as described in Part I of Attachment

A to the proposed Order. The records and other information to be disclosed are described in Part

II of Attachment A. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1.     AT&T Corporation is a provider of an electronic communications service, as

defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued

under § 2703(d) to require AT&T Corporation to disclose the items described in Part II of

Attachment A, as these records pertain to a subscriber of electronic communications service and

are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).

2.     This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4.     The United States is investigating the unlawful retention and transmission of classified national defense information. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 793 (Gathering, transmitting or losing defense information).

5.     On June 3, 2017, federal agents executed a search warrant issued by this Court at 1957 Battle Row, Augusta, Georgia.  On the same date, agents interviewed Defendant Winner, a contract employee at a U.S. Government agency with a Top Secret/SCI clearance.  The defendant admitted intentionally identifying and printing classified U.S. intelligence reporting despite not having a "need to know," and with knowledge that the intelligence reporting was classified.  The defendant further admitted removing the classified intelligence reporting from her office space, retaining it, and mailing it from Augusta, Georgia, to a News Outlet, which she knew was not authorized to receive or possess the documents.  The defendant further acknowledged that she was aware of the contents of the intelligence reporting and that she knew

the contents of the reporting could be used to the injury of the United States and to the advantage of a foreign nation.

6.      During the search of her home, agents found spiral-bound notebooks in which the defendant had written information about setting up a single-use "burner" email account, downloading the TOR darkweb browser at its highest security setting, and unlocking a cell phone to enable the removal and replacement of its SIM card.   Agents also learned, and the defendant admitted, that the defendant had inserted a thumb drive into a classified computer in November 2016, while on active duty with the U.S. Air Force and holding a Top Secret/SCI clearance.  The defendant claimed to have thrown the thumb drive away in November 2016, and agents have not located the thumb drive.

7.      Agents have identified 361-522-9948 as phone number associated with the defendant, and have submitted a request to AT&T to preserve the account information.

8.      On June 7, 2017, a grand jury sitting in the Southern District of Georgia indicted the defendant for violation of 18 U.S.C. § 793(e).

## REQUEST FOR ORDER

9.      The facts set forth in the previous section show that there are reasonable grounds
to believe that the records and other information described in Part II of Attachment A are
relevant and material to an ongoing criminal investigation. Specifically, these items will help the
United States to identify and locate the individual(s) who are responsible for the events described
above, and to determine the nature and scope of their activities. Accordingly, the United States
requests that AT&T Corporation be directed to produce all items described in Part II of
Attachment A to the proposed Order.

10.      The United States further requests that the Order require AT&T Corporation not
to notify any person, including the subscribers or customers of the account(s) listed in Part I of
Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. §
2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a
provider of electronic communications service or remote computing service to whom a warrant,
subpoena, or court order is directed, for such period as the court deems appropriate, not to notify
any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such
an order is appropriate because the requested Order relates to an ongoing criminal investigation
that may identify other criminal confederates, perishable evidence, and recipients or intended
recipients of classified national defense information.  Additionally, at least one of the
defendant's online social media accounts has been deactivated or hidden from public view
following the defendant's arrest and incarceration in this case.  As the defendant has no access to
the internet from her current confinement facility, the government concludes that others are
controlling the defendant's accounts at her direction.

11.     Disclosure of this application or Order may alert the defendant and others to the government's discovery of the accounts at issue.  Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.  See 18 U.S.C. § 2705(b)(2), (3), (5).  Some of the evidence in this investigation is stored electronically.  If alerted to the investigation, the subjects under investigation or persons assisting them could destroy that evidence, including information saved to online storage sites and personal computers.

Respectfully submitted,

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

Jennifer G. Solari
Assistant U.S. Attorney
22 Barnard Street, Suite 300
Savannah, GA 31401

## ATTACHMENT A

### I.   The Account(s)

The Order applies to records and information associated with the cellular telephone assigned call number 361-522-9948 (the "Account").

### II.   Records and Other Information to Be Disclosed

AT&T Corporation is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the time period beginning June 1, 2016, through and including June 7, 2017:

A.   The following information about the customers or subscribers of the Account:

1.   Names (including subscriber names, user names, and screen names);
2.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3.   Local and long distance telephone connection records;
4.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5.   Length of service (including start date) and types of service utilized;
6.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.      All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

C.      Records of any accounts registered with the same email address, phone number(s), or method(s) of payment as the account listed in Part I.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by AT&T Corporation, and my

official title is _____. I am a custodian of records for AT&T

Corporation. I state that each of the records attached hereto is the original record or a true

duplicate of the original record in the custody of AT&T Corporation, and that I am the custodian

of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business

activity of AT&T Corporation; and

    c.    such records were made by AT&T Corporation as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____    _____

Date                        Signature